The Honorable John C. Coughenour
Noted for December 7, 2001
The Honorable John L. Weinberg, Magistrate Judge

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 1 3 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIFE HAS MEANING a/k/a MARY ELIZABETH WILLIAMS,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, PAUL SCHELL, NORM STAMPER, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, JOHN DOE #9, JOHN DOE #10, JOHN DOE #11, JOHN DOE #12, JOHN DOE #13, JOHN DOE #14, JOHN DOE #15 and JOHN DOE #16,<br><br>                              Defendants | No. C00-1998C (BJR)<br><br>WTO Proceeding<br><br>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Noted for December 7, 2001 |

## I.    RELIEF REQUESTED

The defendants, by and through counsel, respectfully request an order dismissing them from the plaintiff's Complaint.

DEFENDA
SUPPORT
JUDGMEN
\\SFC3\DATA\CLIENTS\    CV 00-01998 #00000042



STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

## II.    FACTS RELEVANT TO MOTION

This is a civil rights action arising out of the World Trade Organization ministerial conference held in Seattle, Washington in late 1999  The plaintiff's allegations are outlined in her Amended Complaint [1]  In short, she alleges that on November 30, 1999, she was assaulted by an unknown officer while attempting to form a blockade around the Convention Center [2]  She also alleges that on the afternoon of December 1, 1999, she was struck in the eye with a "rubber bullet" by an unknown officer [3]

The plaintiff filed her original Complaint in November [4]  In addition to the thousands of documents and numerous persons made available for depositions, the plaintiff also had at her disposal discovery in all the other WTO litigation, as the cases were consolidated for discovery [5]  The discovery cutoff in this case was October 15, 2001 [6]  The deadline for motions related to discovery was September 17, 2001 [7]  Despite this, the plaintiff has made no effort to seek leave to amend her complaint or to add individual defendants [8]

On October 29, 2001, the Honorable Barbara Jacobs Rothstein issued an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiffs' Cross-Motion for Summary Judgment.[9]  This order disposes of the issues related to the City of Seattle, Paul Schell and Norm Stamper in this case

---

[1] A copy of the plaintiff's Amended Complaint is attached to the Declaration of Blake Dias as Exhibit 1
[2] Id
[3] Id.
[4] See Dias Declaration
[5] Id.
[6] Id
[7] Id
[8] Id
[9] A copy of this Order is attached to the Declaration of Blake Dias as Exhibit 2 for the Court's reference

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 2

Q \CLIENTS\3000\000\3019\21905\PLEADINGS\SJMEMO DOC

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.   EVIDENCE RELIED UPON

This motion is based on the Declaration of Blake Dias and the records and files contained herein

### IV.   ISSUES PRESENTED

1.    Whether Defendants City of Seattle, Paul Schell and Norm Stamper should be dismissed from the case pursuant to the October 29, 2001 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Cross-Motion for Summary Judgment?

2    Whether the "John Doe" defendants should be dismissed from the lawsuit where the plaintiff has had ample opportunity for discovery, where the plaintiff has not named any additional individual defendants, and where the deadline for doing so has long since passed?

3    Whether the plaintiff's claim for Strict Liability should be dismissed where no defendant is a manufacturer and where the plaintiff cannot introduce any competent evidence that non-lethal weapons are "ultrahazardous" or "abnormally dangerous?"

### V.   AUTHORITY AND ARGUMENT

### A.   DEFENDANTS CITY OF SEATTLE, PAUL SCHELL AND NORM STAMPER SHOULD BE DISMISSED.

With respect to a claim against the Mayor or the Chief of Police, a supervisor may be liable under 42 U.S C  Section 1983 where he directs a subordinate to violate a person's constitutional rights or where he acquiesces in a subordinate's actions   See Ybarra v Reno Thunderbird Mobile Home Village, 723 F 2d 675, 680 (9th Cir  1984), Robinson v  City of Pittsburgh, 120 F 3d 1286, 1293-4 (3rd Cir  1997)  Here, there is absolutely no evidence the Mayor or the Chief of Police directed a subordinate to violate the plaintiff's rights or

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 3

Q \CLIENTS\3000\000\3019\21905\PLEADINGS\SJMEMO DOC

STAFFORD FREY COOPER
——— *Professional Corporation* ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1   acquiesced in a subordinate's actions   Moreover, the Court has already ruled that the

2   Mayor and Chief were acting in their constitutional authority.   Accordingly, the plaintiff's

3   claims against the Chief of Police and the Mayor must be dismissed.

4

5   The leading case on municipal liability under § 1983 is <u>Monell v. Dept of Social</u>

6   <u>Services</u>, 436 U S  658, 98 S.Ct  2018, 56 L.Ed 2d 611 (1978).

7   In <u>Monell</u>, . . . we decided that a municipality can be found liable under § 1983
    only where the municipality itself caused the constitutional violations at issue
8   Respondeat superior vicarious liability will not attach under § 1983   It is only
    when the execution of the government's policy or custom      inflicts the injury
9   that the municipality may be held liable under § 1983   Thus our first inquiry in
    any case alleging municipal liability under   § 1983 is the question of whether
10  there is a direct causal link between the municipality or custom, and the alleged
    constitutional deprivation

11  <u>City of Canton, Ohio v  Harris</u>, 489 U S. 378, 385, 109 S.Ct  1197, 103 L Ed.2d 412 (1989)   A

12  municipality may not be held liable under § 1983 merely because the plaintiff has suffered a

13  deprivation of federal rights at the hands of a municipal employee      <u>Bryan County</u>

14  <u>Commissioners v. Brown</u>, 520 U.S. 397, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997).

15  Instead, the plaintiff must identify a municipal policy or custom which itself caused the

16  plaintiff's injury    <u>Id</u> at p. 1388.   The existence of a policy or custom for purposes of a

17  constitutional action cannot be established solely on the occurrence of a single incident of

18  unconstitutional action by a non-policymaking employee   <u>Oklahoma City v  Tuttle</u>, 471 U S.

19  808, 105 S Ct  2427, 85 L Ed 2d 791 (1985), <u>Davis v  Ellensburg</u>, 869 F 2d 1230 (9th Cir

20  1989).   Of course, absent a constitutional violation by the individual officer there can be no

21  municipal liability   <u>City of Los Angeles v  Heller</u>, 475 U.S  796, 799, 89 L Ed 2d 806, 106 S Ct

22  1571 (1986)

23

24

25

26

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 4

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1   With respect to the plaintiff's claims against the City of Seattle, they also must be

2   dismissed   Plaintiff has set forth no facts, nor can she, establishing an official policy or

3   custom on the part of the City of Seattle to support a claim of liability under § 1983   Moreover,

4   even if a policy or custom is unearthed by plaintiff, she is unable to make the requisite causal

5

6   showing between the municipal policy and the alleged wrongdoing by the officers sufficient to

7   support a constitutional claim under § 1983   Finally, the Court has already ruled in favor of

8   the City of Seattle on these issues

9   **B.   THE "JOHN DOE" DEFENDANTS SHOULD BE DISMISSED**

10   John Doe defendants are not favored in this Circuit   See Gillespie v Civiletti, 629

11   F.2d 637, 642 (9th Cir  1980)  A John Doe defendant will not be dismissed until the plaintiff

12   has had opportunity for discovery to amend his Complaint and name individual defendants

13
14   Id  Here, the plaintiff has had ample opportunity for discovery   The discovery deadline and

15   the deadline for joining additional parties have both expired   There is no excuse for the

16   plaintiff's failure to name individual defendants   Her claims against "Unknown Seattle

17   Police Officers" should also be dismissed   Id

18

19   **C.   THE PLAINTIFF'S STRICT LIABILITY CLAIMS SHOULD BE DISMISSED**

20   Assuming there are any defendants left in this lawsuit at the end of the present

21   motion, the plaintiff's claim for strict liability is properly dismissed   Strict liability attaches

22   only to the product's manufacturer   RCW 7 72 et seq.  The plaintiff produced no evidence,

23   nor can she, that any of the defendants are manufacturers   Second, the plaintiff produced

24   no evidence, nor can she, that the non-lethal weapons at issue are "ultrahazardous" or

25   "abnormally dangerous "  Finally, firearms and ammunitions "shall not be deemed defective

26   in design on the basis that the benefits of the product do not outweigh the risk of injury

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 5

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21905\PLEADINGS\SJMEMO DOC

1    posed by its potential to cause serious injury, damage, or death when discharged."  RCW
2    7.72.030(1)(a).
3
4        DATED this 13th day of November, 2001
5
6                                      STAFFORD FREY COOPER
7
8    By _____
                                      Anne M  Bremner, WSBA # 13269
9                                     Blake E. Dias, WSBA # 28169
                                      Attorneys for Defendants
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 6

STAFFORD FREY COOPER
—— Professional Corporation ——
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21905\PLEADINGS\SJMEMO DOC